**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RONICA R. TABOR, on behalf of Herself and all others similarly situated, and DACIA S. GRAY, on behalf of Herself and all others similarly situated,** | ) ) ) ) ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 09-CV-189-GKF-FHM** |
| | ) | |
| **HILTI, INC., a Domestic For Profit Business Corporation, and HILTI OF AMERICA, INC., a Foreign For Profit Business Corporation,** | ) ) ) ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**OPINION AND ORDER**

Plaintiffs' Second Motion to Compel the Production of Documents from Defendants [Dkt. 43] is before the Court for decision.  The issues have been fully briefed and a hearing was held on April 7, 2010.

Plaintiffs seek discovery from Defendants to support a motion to certify this case as a class action.  At present, Plaintiffs anticipate that the proposed class would consist of women employed by Defendants who were denied a promotion to the position of account manager.

In addition to other information Plaintiffs have requested information from Defendants concerning the: background, employment, and performance history of employees in the jobs that "feed" into the account manager position; background, employment, and performance history of employees in the account manager position;

and all information on people, both internal and external, who applied for account manager positions.

At the hearing on Plaintiffs' first Motion to Compel Discovery Responses from Defendants [Dkt. 36], there was a disagreement as to what responsive information Defendants possessed and the burden involved in producing it.  The Court, therefore, ordered that Plaintiffs conduct a 30(b)(6) deposition of Defendants to resolve those issues.  Based upon those depositions, it is now clear that Defendants have substantial responsive discoverable information that can be produced without undue burden. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (Discovery in discrimination cases should not be narrowly circumscribed).

The Court has carefully considered Defendants' arguments in opposition to Plaintiffs' motion but concludes that the discovery sought by Plaintiffs is appropriate. Plaintiffs' Second Motion to Compel the Production of Documents from Defendants [Dkt. 43] is, therefore, GRANTED as follows:

Responsive information should be provided for the time period January 1, 2005 to December 31, 2008.

Defendants are ordered to produce the information called for in paragraph 1 of the conclusion section of Plaintiffs' motion [Dkt. 43, p. 13] with the following limitations:

– Defendants do not have to produce information concerning Regional Sales Manager and District Sales Manager positions;

– Defendants only have to produce responsive information available from standard information type screens from the SAP system and information

from the SMD system showing qualifications and potential for advancement, including P-1 or P-2 designations.

Defendants are ordered to produce all responsive information called for in paragraph 2 of the conclusion section of Plaintiff's motion [Dkt. 43, p. 13].

Defendants are ordered to produce all responsive information called for in paragraphs 3 and 4 of the conclusion section of Plaintiff's motion. [Dkt. 43, pp. 13-14]. This would include all information responsive to RFP 3 and any e-mail concerning the applications between the recruiter specialist/HR generalist and the hiring manager to the extent the e-mail is reasonably accessible.  At a minimum, Defendants must inquire of the employees in these positions whether such e-mails are on their individual computers.

It is the Court's intention that Defendants produce the information regarding applications whether the information is on Defendants' computer systems or on the systems of Monster.com or some other outside vendor.  The Court concludes that it is appropriate to place this obligation on Defendants because: Defendants are the parties to this case; Defendants were the entities hiring the employees; and Defendants chose to structure the hiring process through Monster.com.

The Court requires Defendants to comply with this Order in good faith and not limit its production of documents by a hyper-technical reading of this Order.  If Defendants have questions about the scope of this Order, they shall consult with Plaintiffs and utilize the telephone conference procedure in L.Cv.R. 37.2(b).

Defendants shall produce the documents or electronic information by May 7, 2010.

SO ORDERED this 9th day of April, 2010.

*Frank H. McCarthy*

**FRANK H. McCARTHY**

UNITED STATES MAGISTRATE JUDGE