**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RONICA R. TABOR, on behalf of Herself and all others similarly situated, and DACIA S. GRAY, on behalf of Herself and all others similarly situated,<br><br>PLAINTIFFS,<br><br>vs.<br><br>HILTI, INC., a Domestic For Profit Business Corporation, and HILTI OF AMERICA, INC., a Foreign For Profit Business Corporation,<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 09-CV-189-GKF-FHM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Plaintiff's Motion to Supplement Motion for Class Certification [Dkt. 67] is before the Court for decision. The motion seeks permission to supplement the Motion for Class Certification by re-filing an un-redacted Exhibit 1 under seal. Plaintiffs attached a photocopy of a disc containing the Hilti SAP Database as Exhibit 1 to their electronically filed Motion for Class Certification. [Dkt. 65-2]. Plaintiffs also provided a courtesy paper copy of their Motion for Class Certification for the Court's use and included an actual copy of the SAP Database disc. Since Plaintiffs cited to the SAP Database in the Motion for Class Certification, the undersigned assumes Plaintiffs expected the Court to access the database from the courtesy copy to determine if it supported Plaintiffs' arguments.

Hilti's response contends that there has been a "massive" violation of LCvR 5.3 by Plaintiffs filing with the Court a CD containing a large amount of personal information

about Defendant's employees. Defendant contends the CD should be withdrawn from the record or sealed.

Plaintiffs should not have included an actual copy of the SAP Database disc with the courtesy paper copy of their Motion for Class Certification. A courtesy copy should be an exact copy of what is filed electronically. Moreover, Plaintiffs should not expect the Court to search an electronic database to locate information cited by Plaintiffs. Finally, Plaintiffs' attorneys should be more careful in their handling of the personal information on the SAP Database. Despite these failings by Plaintiffs' attorneys, no disclosure of personal information has occurred.

Plaintiffs' Motion to Supplement Motion for Class Certification [Dkt. 67] is GRANTED as follows:

1. Plaintiffs' counsel shall promptly retrieve the actual copy of the SAP Database disc from the undersigned's chambers. It has not been filed in the case, was not accessed by the Court and is not a part of the record in this case.

2. Plaintiffs may, by August 2, 2010, supplement their Motion for Class Certification by electronically filing those limited portions of the SAP Database necessary to support their Motion for Class Certification. If confidential or personal information must be included, Plaintiffs' counsel shall comply with LCvR 5.3, LCvR 79.1 and G.O. 08-11. Plaintiffs may file the supplement under seal, if necessary.

SO ORDERED this 26th day of July, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE