# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONICA R. TABOR, on behalf of Herself and all others similarly situated, and DACIA S. GRAY, on behalf of Herself and all others similarly situated,<br><br>**PLAINTIFFS,**<br><br>vs.<br><br>HILTI, INC., a Domestic For Profit Business Corporation, and HILTI OF AMERICA, INC., a Foreign For Profit Business Corporation,<br><br>**DEFENDANTS.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 09-CV-189-GKF-FHM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Defendant Hilti's Motion to Quash Notice [Dkt. 69] & for Protective Order [Dkt. 71] and Plaintiffs' Emergency Motion to Compel [Dkt. 70] are before the Court for decision. The motions concern the deposition of Mr. Cary R. Evert, the CEO of Hilti, Inc.[1]

Hilti contends that Mr. Evert has no direct knowledge of any of the allegations in the Amended Complaint, is not listed as a witness in the case and can not add anything to the deposition testimony already provided by witnesses from Hilti.

Plaintiffs contend that Mr. Evert is the direct supervisor of all vice-presidents of outside sales divisions in North America and has intimate knowledge of the interview process, how Hilti "corporate culture" is defined and the applicant recruiting and tracking

---

[1] Plaintiffs' motion also addresses two other depositions as a "precautionary effort." [Dkt. 70, p. 2]. Issues regarding those depositions are not ripe for decision and will not be addressed in this Order.

process. Plaintiffs claim Mr. Evert possesses critical information relevant to the Plaintiffs' reply to Defendant's response to the Motion for Class Certification.

The Court has discretion to regulate depositions to protect a person from annoyance, oppression or undue burden or expense. Fed.R.Civ.P. 26(c); *Evans v. Allstate*, 216 F.R.D. 515 (N.D. Okla. 2003).

Based upon the representations in Hilti's motion, the Court finds that Hilti has made a sufficient initial showing to justify a protective order preventing the deposition of Mr. Evert. The Court further finds that Plaintiffs' responsive arguments are conclusory and lacking in specific factual support. The Court is particularly troubled by the claim that the deposition is needed to support Plaintiffs' reply to Defendant's response to the Motion for Class Certification. Defendant's response was not filed when Plaintiffs noticed Mr. Evert for deposition. Moreover, the support for the Motion for Class Certification should be in the motion, not in the reply.

Defendant Hilti's Motion to Quash Notice [Dkt. 69] & for Protective Order [Dkt. 71] are GRANTED. Plaintiffs' Emergency Motion to Compel [Dkt. 70] is DENIED.

SO ORDERED this day 26th of July, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE